UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EDIE CAVINS,

    Plaintiff,

v.                                      Case No: 2:17-cv-315-FtM-CM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

## OPINION AND ORDER

Plaintiff Edie Cavins seeks judicial review of the denial of her claims for disability and disability insurance benefits ("DIB") by the Commissioner of the Social Security Administration ("Commissioner"). The Court has reviewed the record, the Joint Memorandum (Doc. 24) and the applicable law. For the reasons discussed herein, the decision of the Commissioner will be affirmed.[1]

### I. Issue on Appeal[2]

Plaintiff raises one issue on appeal: whether the administrative law judge ("ALJ") properly evaluated Plaintiff's subjective complaints about her migraine headaches.

---

[1] Both parties have consented to the jurisdiction of the United States Magistrate Judge. Doc. 15.

[2] Any issue not raised by Plaintiff on appeal is deemed to be waived. *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004) ("[A] legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed.").

## II. Summary of the ALJ's Decision

On May 6, 2013, Plaintiff filed an application for DIB, and she alleges her disability began April 1, 2013 due to anxiety, panic disorder and bi-polar. Tr. 128, 295-97. Plaintiff's claim for DIB was denied initially on June 10, 2013, and upon reconsideration on March 25, 2014. Tr. 128-134, 136-43. On April 1, 2014 Plaintiff requested a hearing before an ALJ. Tr. 158-59. ALJ Mary Joan McNamara held a hearing on July 14, 2015, but she did not issue a decision before leaving the Social Security Administration ("SSA"). Tr. 36-82, 85. Therefore, on May 3, 2016, ALJ Yvette N. Diamond[3] held another hearing, and on May 26, 2016, she found Plaintiff was not disabled from April 1, 2013[4] through the date of the decision. Tr. 20-30, 83-127.

At step one, the ALJ found Plaintiff met the insured status requirements of the Social Security Act through December 31, 2017, and had not engaged in substantial gainful activity since the alleged onset date of April 1, 2013. Tr. 22. Next, at step two, the ALJ found Plaintiff had the severe impairment of degenerative joint disease of the spine and hips, migraine headaches, panic disorder and bipolar disorder. *Id.* At step three, the ALJ concluded Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the

---

[3] From this point forward, any references to the "ALJ" are made in reference to ALJ Diamond.

[4] The Court notes Plaintiff's initial application for DIB alleged an onset date of January 1, 2010, but Plaintiff amended her onset date during her hearing before the ALJ. Tr. 20, 88. Although the ALJ's decision stated Plaintiff was not disabled from January 1, 2010 through the date of the decision, the ALJ acknowledged Plaintiff had amended her alleged onset date to April 1, 2013. *See* Tr. 20, 30, 88.

severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1[.]" Tr. 23. The ALJ determined Plaintiff had the RFC to perform light work:[5]

> [e]xcept the claimant can lift and carry twenty pounds occasionally and ten pounds frequently; stand or walk for six out of eight hours; and sit for six out of eight hours. The claimant can frequently climb stairs, balance, stoop, kneel, crouch, and crawl but cannot climb ladders. She can frequently reach, handle, and finger with the right upper extremity. The claimant cannot have concentrated exposure to respiratory irritants and cannot have any exposure to hazards. She is limited to simple, routine tasks and low stress work defined as occasional decisionmaking and occasional changes in work setting.

Tr. 25.

At step four, the ALJ determined Plaintiff was unable to perform her past relevant work. Tr. 28-29. Finally, at step five, the ALJ determined there were a significant number of jobs in the national economy Plaintiff could perform, namely the jobs of marker II, mail clerk and office helper. Tr. 29-30. Thus, the ALJ concluded Plaintiff was not disabled from January 1, 2010 to May 26, 2016, the date of the decision. Tr. 30. The Appeals Council denied Plaintiff's request for review on April 4, 2017, and Plaintiff subsequently filed a Complaint with this Court. Tr.

---

[5] The regulations define light work as work that involves:

lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b).

1-4; Doc. 1. The ALJ's May 26, 2016 decision is the final decision of the Commissioner, and the matter is now ripe for review.

## III. Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g).[6] Substantial evidence is "more than a scintilla, i.e., evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (internal citations omitted).

"In determining whether substantial evidence supports a decision, we give great deference to the ALJ's factfindings." *Hunter v. Soc. Sec. Admin., Comm'r*, 808 F.3d 818, 822 (11th Cir. 2015). Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact or found that the preponderance of the evidence is against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580,

---

[6] After the ALJ issued the decision, certain Social Security rulings and regulations were amended, such as the regulations concerning the evaluation of medical opinions and evaluation of mental impairments. *See e.g.*, 20 C.F.R. §§ 404.1520a, 404.1520c, 404.1527 (effective March 27, 2017); SSR 16-3p, 2017 WL 5180304 (Oct. 25, 2017). The Court will apply rules and regulations in effect at the time of the ALJ's decision. *Hargress v. Soc. Sec. Admin., Comm'r*, 883 F.3d 1302, 1308 (11th Cir. 2018); *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208 (1988); 20 C.F.R. § 404.1527 (effective March 27, 2017) ("For claims filed . . . before March 27, 2017, the rules in this section apply.").

584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991); *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating that the court must scrutinize the entire record to determine the reasonableness of the factual findings). The Court reviews the Commissioner's conclusions of law under a *de novo* standard of review. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

## IV. Discussion

When assessing the credibility of subjective complaints of pain, an ALJ considers: (1) evidence of an underlying medical condition; and (2) objective medical evidence either (a) confirming the severity of alleged symptoms, or (b) indicating that the medical condition could be reasonably expected to cause symptoms as severe as alleged. *See* 20 C.F.R. § 404.1529; *Wilson v. Barnhart*, 284 F.3d 1219, 1225-26 (11th Cir. 2002); *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). If the objective medical evidence does not confirm the severity of the alleged symptoms but indicates that the claimant's impairments could reasonably be expected to produce some degree of pain and other symptoms, the ALJ must evaluate the intensity and persistence of the claimant's alleged symptoms and their effect on his ability to work. *See* 20 C.F.R. § 404.1529(c)(1); *Wilson*, 284 F.3d at 1225-26; *Foote*, 67 F.3d at 1561. The ALJ compares the claimant's statements with the objective medical evidence, the claimant's daily activities, treatment and medications received, and other factors concerning limitations and restrictions the symptoms cause. *See* 20 C.F.R. § 404.1529(c). "If the ALJ discredits subjective testimony, he must articulate explicit

and adequate reasons for doing so. Failure to articulate the reasons for discrediting subjective testimony requires, as a matter of law, that the testimony be accepted as true." *Wilson*, 284 F.3d at 1225 (citations omitted). "A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court." *Foote*, 67 F.3d at 1562.

Here, the ALJ discussed Plaintiff's allegation that she could not work due in part to headaches occurring daily. Tr. 25. Based on her review of the evidence, however, the ALJ found that while Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," her "statements concerning the intensity, persistence and limiting effects of these symptoms" were not entirely consistent with the evidence of record. Tr. 26. Referring specifically to Plaintiff's migraine headaches, the ALJ addressed the objective medical evidence:

> Dr. Aenlle's records indicate complaints of increasing tension headaches with photophobia and phonophobia in July 2014. The claimant also described blurred vision and dizziness to primary care providers in January 2016. Imaging of the claimant's head showed some brain lesions . . . as well as mild cerebral atrophy and cavum septum pellucidum. However, the claimant demonstrated no cranial nerve dysfunction during appointments in July 2014 and December 2015. The claimant also denied any associated visual changes to Dr. Aenlle, weakening allegations of blurred vision. Dr. Aenlle's records also indicate that the claimant's headaches were aggravated by chronic use of over-the-counter medications, suggesting improvement of the claimant's symptoms with prolonged abstinence from those medications.

Tr. 26 (citations omitted) (citing Tr. 487, 558, 560, 608-10,[7] 623). The ALJ discussed other evidence related to Plaintiff's migraine headaches as well in determining the

---

[7] The ALJ cites Exhibit 9E/4, which appears to be a typo. Tr. 26. The Court presumes the ALJ intended to cite Exhibit 9F/4, or Tr. 609.

record did not support their alleged severity:

> The record indicates a significant gap in neurology treatment, with Dr. Aenlle noting that she had not seen the claimant for greater than a year in November 2015. The claimant testified that she tried several prescription medications for migraine control, with side effects including a sense of feeling "high" and unable to function. The record does suggest that Dr. Aenlle prescribed the claimant several medications in July 2014, but does not clearly show complaints of side effects from these medications to Dr. Aenlle or any other doctor.

Tr. 27 (citations omitted) (citing Tr. 561, 608). The ALJ also referenced a statement Plaintiff's husband provided that said Plaintiff suffers from migraine headaches, but the ALJ gave the statement little weight because it was inconsistent with the evidence of record. *See* Tr. 28 (citing Tr. 350-57). The ALJ concluded Plaintiff's RFC was supported by Dr. Aenlle's treatment records, primary care providers' treatment records and Plaintiff's descriptions of daily living. *See* Tr. 28 (citing Tr. 342-49, 482-531, 606-15, 616-26).

Plaintiff argues the ALJ erred in evaluating Plaintiff's subjective complaints regarding her migraine headaches. In reference to the ALJ's finding that there would be improvement of Plaintiff's migraine symptoms with prolonged abstinence from over-the-counter medications, Plaintiff contends the records the ALJ cited do not show any improvement in her migraine frequency or intensity. Doc. 24 at 7. Plaintiff asserts the Dr. Aenlle records the ALJ cited indicate, if anything, that Plaintiff's headaches could get worse before they get better as she weaned herself off the over-the-counter medicine, and there are no treatment records between Dr. Aenlle's report on November 13, 2015 and the hearing on May 3, 2016 suggesting Plaintiff's migraine headaches improved. *Id.* (citing Tr. 611). Plaintiff contends the

ALJ's assumption that Plaintiff's migraines improved is not supported by substantial evidence, and at a minimum, the ALJ "should have considered a partially favorable decision, even if he inferred the claimant's headache subsided once she changed her medication regimen."  *Id.* at 8.

The Commissioner argues the ALJ properly considered the record in evaluating Plaintiff's subjective complaints, including those regarding her migraines. *Id.* (citing Tr. 17-35).  The Commissioner asserts substantial evidence supports the ALJ's decision to discredit Plaintiff's testimony about her migraines because although Dr. Aenlle repeatedly diagnosed Plaintiff with migraines, Plaintiff failed to show that the objective medical evidence supports her allegations of the disabling effects of her migraines.  *Id.* at 10.  The Commissioner points out that Plaintiff's objective medical evidence generally was normal, mild or unremarkable, that Dr. Aenlle prescribed conservative treatment of Plaintiff's migraines, and that Plaintiff's activities of daily living—including taking care of her personal needs, preparing simple meals, performing light household chores, reading and watching television—"are not indicative of the disabling limitations she alleged."  *Id.* at 10-11.

The Court finds the ALJ sufficiently articulated reasons for discrediting Plaintiff's subjective complaints about her migraine headaches.  The ALJ discussed the objective medical evidence indicating Plaintiff's brain and nervous system generally were normal or had mild issues, as well as Dr. Aenlle's suggested treatment, which are appropriate considerations.  *See* Tr. 26; 20 C.F.R. § 1529(c)(1). Namely, the ALJ noted MRI results demonstrated "very subtle" brain legions, mild

cerebral atrophy and cavum septum pellucidum, and examinations demonstrated no cranial nerve dysfunction. Tr. 26 (citing Tr. 487, 560, 623). The ALJ partially credited Plaintiff's allegations based on the objective evidence, and she explained how she set limitations on Plaintiff's RFC accordingly: The ALJ found Plaintiff could not work atop ladders or around hazards due to the possibility of disorientation, and she could not work around concentrated irritants such as dust or fumes due to the possibility of headache exacerbation. *Id.* As discussed above, the opinion also demonstrates the ALJ considered Plaintiff's testimony, the gap in her neurological treatment and her activities of daily living in evaluating her migraine headaches. Tr. 26-28.

Although there are no treatment notes indicating Plaintiff's headaches improved after Dr. Aenlle instructed Plaintiff to stop taking over-the-counter medicine, there also is evidence Plaintiff directly contravened Dr. Aenlle's treatment recommendation: A treatment note from Advanced Registered Nurse Practitioner Amelia Bell-Hawkins on January 15, 2016 demonstrates Plaintiff was continuing to take Advil. *See* Tr. 623; Doc. 24 at 7. Plaintiff told Ms. Bell-Hawkins that she had been prescribed medication for the migraines, but she had side effects from all of them. *Id.* Nevertheless, the record reveals no reversible error in the ALJ's assessment of Plaintiff's credibility concerning the intensity and persistence of Plaintiff's symptoms and their limiting effects on Plaintiff's ability to work because the ALJ was not "clearly wrong to discredit" Plaintiff's testimony. *See Werner v. Comm'r of Soc. Sec.*, 421 F. App'x 935, 939 (11th Cir. 2011). The ALJ sufficiently

compared Plaintiff's statements to the objective medical evidence and found her statements to be only partially credible, as reflected in the RFC. *See* Tr. 25-27. Further, substantial evidence supports the ALJ's credibility determinations because, as the Commissioner noted, the generally normal/mild objective evidence, the conservative treatment prescribed, and Plaintiff's activities of daily living support a finding that Plaintiff was not as limited by her migraine headaches as alleged. *See* Doc. 24 at 10-11; Tr. Tr. 101-05, 342-49, 487, 558, 560-61, 608-11, 623. Therefore, the Court declines to disturb the ALJ's credibility findings. *See Foote*, 67 F.3d at 1562.

ACCORDINGLY, it is

**ORDERED:**

1.  The decision of the Commissioner is **AFFIRMED.**

2.  The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(b) in favor of the Commissioner, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on this 17th day of September, 2018.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record